IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KIMBERLY GUERECA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZULEMA CORDERO AND EDUARDO LARA, INDIVIDUALLY,<br><br>Defendants. | Civil Action No. 2:19-cv-568 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kimberly Guereca ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this wage theft suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq*.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendants Zulema Cordero and Eduardo Lara (together "Defendants"), operating under the assumed name of The Sweeping Maids Cleaning Service, violated the FLSA and the NM Wage Act by failing to pay their hours cleaning techs who are non-exempt under the FLSA or the NM Wage Act overtime wages as required by federal and New Mexico law. Defendants' non-exempt cleaning techs, including Plaintiff, worked more than forty hours per week but were not paid at one and one-half times their regular rates of pay for all hours worked over forty in a workweek. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Kimberly Guereca is an individual who was employed by Defendants within the meaning of the FLSA as a cleaning tech. Named Plaintiff Guereca was employed by Defendants during the second quarter of 2019. She consents to be a party-plaintiff in this action. *See* Exhibit A hereto.

5. Zulema Cordero is an individual residing in or around Hobbs, New Mexico. Defendant Cordero has, at all times relevant to this action, been an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d), and as used in the NM Wage Act, NMSA § 50-4-21(B). Defendant Cordero may be served with process at 228 E. Navajo Dr., Suite F, Hobbs, New Mexico 88240, or at 4730 W. Dark Horse Rd., Hobbs, New Mexico 88240, or wherever she may be found.

6. Eduardo Lara is an individual residing in or around Hobbs, New Mexico. Defendant Lara has, at all times relevant to this action, been an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d), and as used in the NM Wage Act, NMSA § 50-4-21(B). Defendant Lara may be served with process at 228 E. Navajo Dr., Suite F, Hobbs, New Mexico 88240, or at 4730 W. Dark Horse Rd., Hobbs, New Mexico 88240, or wherever he may be found.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiffs' NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Lea County, New Mexico, which is in this District and Division. Named Plaintiff was an employee of Defendants, and performed work for Defendants, in Lea County, New Mexico. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

9. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have each, individually and jointly, been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned Defendants have each, individually and jointly, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

14. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

15. At all times hereinafter mentioned, Named Plaintiff and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and

whom Defendants have each, individually and jointly, at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

16. Defendants operate a residential and commercial cleaning service in Hobbs, New Mexico.

17. Named Plaintiff was a non-exempt employee for Defendants in Hobbs, New Mexico during the second quarter of 2019.

18. In the performance of their work, Plaintiffs handle tools, equipment, cleaning supplies, and other materials that were manufactured or produced outside of New Mexico.

   **A. Named Plaintiff and the Class Members were non-exempt employees who were not paid at lawful overtime rates.**

19. Defendants paid Plaintiffs and the Class Members straight time for all hours worked, without paying an overtime premium for any hours worked over forty per week. Plaintiffs and the Class Members were, however, at all times, non-exempt workers.

20. For all times relevant to this action, the Plaintiffs' primary job duty for Defendants has been the performance of manual, non-management work. The Plaintiffs' primary job duty is not the performance of office, or non-manual work directly related to Defendants' management or general business operations, or those of their customers.

21. Rather, Plaintiffs spend most of their time performing manual tasks in Defendants' customers' residences or commercial buildings, such as vacuuming, sweeping, mopping and scrubbing various items and surfaces with cleaning solutions. The job duties of Defendants' non-exempt employees were and are essentially the same. As a result, each non-exempt employee performed the same or similar job duties throughout Defendants' operation. The job functions of Plaintiffs required little to no official training and did not require a college education or other advanced degree.

22. Named Plaintiff's job duties remained the same throughout her employment with Defendants.

23. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

24. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

25. Named Plaintiff and Class Members worked long hours. The Plaintiffs typically worked in excess of 40 hours per week, and they often worked fifty hours per week and sometimes more.

26. Although they worked long hours, Defendants failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

27. Defendants have employed and are employing other individuals as non-exempt cleaning techs who have performed the same or similar job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been paid an hourly wage, have worked in excess of forty hours in a workweek, and have been denied overtime compensation at a rate that is not less than one-and-one-half times their regular rates of pay.

28. Defendants knowingly, willfully, or with reckless disregard carried out, and continues to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

### B. Defendants Cordero and Lara are individually liable for violations of the FLSA and NM Wage Act.

29. Defendants Cordero and Lara are the owners/managers of the Sleeping Maids Cleaning Services.

30. Defendants Cordero and Lara made the decision to classify cleaning techs, including Named

Plaintiff, as exempt from overtime pay under the FLSA and NM Wage Act.

31. Defendants Cordero and Lara also made the decision to pay Defendants' non-exempt cleaning techs an hourly wage but not to pay them at one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

32. Defendants Cordero and Lara have hiring and firing authority over Named Plaintiff and all of Defendants' non-exempt cleaning techs.

33. Defendants jointly employed Named Plaintiff and Class Members. Defendants exercised a unified operation and common control over the Named Plaintiff and Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

34. Named Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

**All of Defendants' current and former workers in the last three years**

35. Named Plaintiff and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt cleaning tech employees. Further, Named Plaintiff and the FLSA Class Members were subjected to the same pay provisions in that they were all paid an hourly wage, but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

36. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its non-exempt cleaning techs as exempt from the overtime protections of the FLSA. This policy or practice is applicable to the Named Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.

Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all FLSA Class Members.

## IX. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiff and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendants acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## X. CAUSE OF ACTION TWO:  FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

38. During the relevant period, Defendants violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiff and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate.  Defendants' violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## XI. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

c. For an Order awarding Named Plaintiff (and those who may join in the suit) damages pursuant to N.M. Stat. 50-4-26;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

e. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

f. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

h. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

                Respectfully Submitted,

                **MORELAND VERRETT, P.C.**
                700 West Summit Drive
                Wimberley, Texas 78676
                Tel: (512) 782-0567
                Fax: (512) 782-0605

                By: */s/ Douglas B. Welmaker*
                        Douglas B. Welmaker
                        doug@morelandlaw.com


                **ATTORNEY FOR PLAINTIFFS**