**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KIMBERLY GUERECA, Individually and
On Behalf of All Others Similarly Situated,

      Plaintiff,

v.                                          2:19-CV-568-GJF-SMV

ZULEMA CORDERO and EDUARDO LARA,
Individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Failure to State

a Claim [Doc. 5]. Plaintiff responded [Doc. 8] and Defendants replied [Doc. 11]. The Court, having

considered the Motion, briefs and relevant law, and being otherwise fully informed, finds that the

motion is not well-taken and will therefore be **DENIED**.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint [Doc. 1] are as follows. Defendants Zulema

Cordero and Eduardo Lara are individuals who operate a residential and commercial cleaning

service in Hobbs, New Mexico. Doc. 1 at ¶ 16. Specifically, Defendants are the owners/managers

of the Sweeping Maids Cleaning Services. *Id.* at ¶ 29.

Named Plaintiff Kimberly Guereca ("Plaintiff") was an employee for Defendants in Hobbs,

New Mexico, during the second quarter of 2019. *Id.* at ¶ 17. For all times relevant to the action,

the primary job duty of Plaintiff and potential Class Members (collectively, "Plaintiffs") during

the course of their employment with Defendants has been the performance of manual, non-

management work. *Id.* at ¶ 20. Plaintiffs spent the majority of their time performing manual tasks

in Defendants' customers' residences or commercial buildings, including vacuuming, sweeping, mopping, and scrubbing various items and surfaces with cleaning solutions. *Id*. at ¶ 21. In the performance of this work, Plaintiffs handled tools, equipment, cleaning supplies, and other materials that were manufactured or produced outside of New Mexico. *Id*. at ¶ 18. These job functions required little to no official training and did not require a college education or advanced degree. *Id*. The work performed by Plaintiffs did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. *Id*. at ¶ 24. Plaintiffs also did not perform work in a recognized field of artistic or creative endeavor. *Id*.

Plaintiffs did not direct the work of two or more employees at any time during their employment, nor did they have the authority to hire or fire other employees. *Id*. at ¶ 23. Plaintiffs' recommendations regarding hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight. *Id*. Named Plaintiff's job duties remained the same throughout her employment with Defendants. *Id*. at ¶ 22.

Plaintiffs typically worked in excess of forty hours per week. *Id*. at ¶ 25. They frequently worked fifty hours per week, and sometimes more. *Id*. Defendants paid Plaintiffs "straight time" for all hours worked, without paying an overtime premium for any hours worked over forty per week. *Id*. at ¶ 19. Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of forty hours in a workweek. *Id*.  at ¶ 26.

In addition to Named Plaintiff, Defendants have employed and are employing other individuals as cleaning techs who have performed the same or similar job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job

duties, have been paid an hourly wage, have worked in excess of forty hours in a workweek, and have been denied overtime compensation at a rate not less than one-and-one-half times their regular rates of pay. *Id*. at ¶ 27.

Defendants jointly employed Plaintiffs and exercised a unified operation and common control over Plaintiffs. *Id*. at 33. Defendants made the decision to classify cleaning techs, including Named Plaintiff, as exempt from overtime pay under the Fair Labor Standards Act ("FLSA") and under the New Mexico Minimum Wage Act ("NMMWA"). *Id*. at ¶ 30. Defendants also made the decision to pay cleaning techs an hourly wage but not to pay them at one and one-half times their regular rates of pay for all hours worked over forty in a workweek. *Id*. at 31. Defendants had hiring and firing authority over Named Plaintiff and all of Defendants' cleaning techs. *Id*. at 32.

As a result of these allegations, Plaintiff commenced the instant opt-in collective action on June 20th, 2019. In her complaint, Plaintiff brings, "on behalf of herself and all others similarly situated… [a] wage theft suit against the [] Defendants under the Fair Labor Standards Act [], 29 U.S.C. § 201, *et seq*., as amended and the New Mexico Minimum Wage Act [] N.M. STAT. § 50-4-19, *et seq*." Doc. 1 at 1. Specifically, Plaintiff alleges that Defendants violated the FLSA and NMMWA by failing to pay Plaintiffs one and one-half times their regular rates of pay for all hours worked over forty hours in a work week. Doc. 1 ¶¶ 3, 37, 38. On July 29, 2019, Defendants filed the instant Motion to dismiss Plaintiff's claims in their entirety under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. 5 at 1.

## DISCUSSION

The FLSA requires overtime pay at a rate of one and one-half times regular pay for workweeks longer than forty hours for any employee who is "engaged in commerce… or… employed in an enterprise engaged in commerce." *Reagor v. Okmulgee Cty Family Res. Ctr.*, 501

F.App'x 805, 808 (2012) (unpublished) (quoting 29 U.S.C. § 207(a)(1)).[1] The NMMWA likewise requires that "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." N.M. Stat. Ann. § 50-4-22 (E).

Defendants argue that the Court lacks jurisdiction over Plaintiff's claims because a jurisdictional prerequisite for the FLSA claim – that Defendants qualify as an enterprise – is not met. Doc. 5 at 2. Defendants also argue that Plaintiff's Complaint "only parrots the language of the statute[s] without providing any factual detail," thereby failing to state a claim and warranting dismissal pursuant to Rule 12(b)(6) and the Supreme Court's rulings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Doc. 5 at 4. As set forth below, the Court is not persuaded by Defendants' arguments.

## I.      "Enterprise coverage" is an element of a plaintiff's FLSA claim, not a jurisdictional prerequisite.

First, the Court finds that enterprise coverage under the FLSA is not a jurisdictional prerequisite, but rather, is an element of a plaintiff's claim. In *Arbaugh v. Y&H Corp.*, the Supreme Court explained that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." 546 U.S. 500, 511 (2006). *Arbaugh* concerned a defendant's assertion that there was no federal subject matter jurisdiction

---

[1] Section 207(a)(1) provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

over the plaintiff's claims, which were brought under Title VII of the Civil Rights Act of 1964. *Id*. 503-04. Title VII makes it unlawful "for an employer… to discriminate," *inter alia*, on the basis of sex. *Id*. at 503 (quoting 42 U.S.C. § 2000e-2(a)(1)). In a section of Title VII entitled "Definitions," Congress defined "employer" to include only those having "fifteen or more employees." *Arbaugh*, 546 U.S. at 503 (quoting 42 U.S.C. § 200e(b)). The Court rejected the defendant's argument that it was not amenable to suit under Title VII because it had less than fifteen employees, and instead held that "the numerical threshold does not circumscribe federal-court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of Arbaugh's Title VII claim…" *Arbaugh*, 546 U.S. at 504.

In so holding, the Supreme Court explained that "Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Id*. at 505 (quoting 28 U.S.C. § 1331). Because the fifteen-employee threshold does not appear in Title VII's jurisdictional provision, but rather, "appears in a separate provision that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," *id*. at 515 (internal quotation marks and citation omitted), the Supreme Court "refrain[ed] from constricting § 1331 or Title VII's jurisdictional provision..." *Id*. at 515. The Supreme Court announced a "bright line" rule to guide courts:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with that issue... But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id*. at 515-16.

Turning to the instant case, Defendants argue in their Motion to Dismiss that "this Court lacks jurisdiction over Plaintiff's claims because Defendants do not qualify as an 'enterprise' as is

required in order for the FLSA to apply to Plaintiff's claims." Doc. 5 at 3. Specifically, Defendants argue that The Sweeping Maids is not an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(s)(1) because its "annual gross revenue has never amounted to more than $190,000.00." *Id*. To support this factual allegation, Defendants attach a document entitled "Declaration of Eduardo Lara," which states that "[t]he highest annual gross volume of business done by The Sweeping Maids in any year was $190,000.00" and "[t]here is also no rational basis to believe that, in 2019, The Sweeping Maids will make an annual gross volume of sales of at least $500,000.00." Doc. 5 Ex. A.

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" in relevant part as an enterprise that "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000…" 29 U.S.C.A. § 203(s)(1)(A). This definition is included in § 203 of the FLSA, which is a provision entitled, "Definitions." *See generally* 29 U.S.C.A. § 203. Section 203 consists of a list of definitions of various terms "[a]s used in this chapter" and makes no reference to any jurisdictional requirement. *See id*. Thus, much like the threshold provision at issue in *Arbaugh*, the FLSA's threshold requirement that an enterprise have an annual gross volume of sales made or business done of at least $500,000 "appears in a separate provision that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 515. Therefore, under the "bright line" test announced in *Arbaugh*, the Court agrees with Plaintiff that the issue of enterprise coverage under the FLSA is non-jurisdictional.

While the Tenth Circuit has not applied the *Arbaugh* test to coverage under the FLSA,

numerous district courts within the Tenth Circuit have applied this "bright line" test and found, as this Court now finds, that enterprise coverage under the FLSA is non-jurisdictional. For example, in *Murphy v. Allstaff Med. Res., Inc.*, a United States District Court in the District of Colorado reasoned that "§203 is merely the definitional section of the FLSA" and concluded that "a challenge to either individual or enterprise coverage under the FLSA is non-jurisdictional." No. 16-CV-2370-WJM-MEH, 2017 WL 2224530, at *2-3 (D. Colo. May 22, 2017) (unreported). *See also Johnson v. Pleasant Green Missionary Baptist Church*, No. 12-2493-JTM, 2013 WL 183735, at *2 (D. Kan. Jan. 17, 2013) (unreported) ("The contention that defendants are not engaged in 'commerce,' and hence not subject to the FLSA, is properly construed as a question as to the factual merits of the plaintiffs' claim, not a question of federal jurisdiction under 28 U.S.C. § 1331."); *Butler v. Source Unld.*, No. CIV-10-572-M., 2010 WL 3515707, at *1 (W.D. Okla. Sept. 2, 2010) (unreported) ("[W]hether defendants are engaged in interstate commerce is not a jurisdictional issue but is an element of plaintiffs' FLSA claim."). The First Circuit has likewise rejected a defendant's argument that it was not subject to federal subject matter jurisdiction under the FLSA because its annual dollar value was under $500,000, explaining that "the FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the [] limitation is jurisdictional. We therefore treat it as an element of the claim." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (internal citations omitted).

The cases cited by Defendants do not change this analysis. First, Defendants cite *Jensen v. Johnson Cnty. Youth Baseball League*, 838 F. Supp. 1437, 1440 (D. Kan. 1993), for the proposition that in order to establish both federal subject matter jurisdiction and a violation of the Equal Pay provision of the FLSA, a plaintiff must establish that a defendant meets the definition of an "enterprise" for purposes of the Act. Doc. 5 at 3. However, *Jensen* is a 1993 case which was

decided before the Supreme Court's decision in *Arbaugh*. As explained above, in light of *Arbaugh* and consistent with more recent cases, the proposition that a court lacks subject matter jurisdiction when a defendant does not meet the definition of an enterprise engaged in commerce is no longer good law.

Defendants next cite to *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77 (E.D.N.Y. 2010), for the proposition that a claim under the FLSA must be dismissed where defendants do not meet the definition of an "enterprise." Doc. 5 at 4. As Plaintiff correctly points out, *Locke* involved a motion for summary judgment, not a motion to dismiss. Doc. 8 at 2. The Court acknowledges that the district court in *Locke* found that it "lack[ed] subject matter jurisdiction over the action because the FLSA does not cover St. Augustine's as an enterprise engaged in commerce or in the production of goods for commerce or Locke as an individual employee engaged in commerce or in the production of goods for commerce." *Locke*, 690 F. Supp. at 80. Yet, in granting summary judgment, the court in *Locke* did not undertake an analysis of whether these definitional requirements were jurisdictional prerequisites, as opposed to elements, pursuant to *Arbaugh*. To the extent that *Locke* held that these definitional requirements are jurisdictional prerequisites, *Locke* appears to be an outlier in its own district. More recent cases from the Eastern District of New York have held that these definitional requirements were *not* jurisdictional prerequisites. *See, e.g.*, *Benitez v. F & V Car Wash, Inc.*, No. 11-CV-01857 DLI SMG, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) (unreported) (collecting cases).

Finally, Defendants argue that Plaintiff cited to "non-controlling case law for the proposition that 'enterprise coverage' is an element of a plaintiff's FLSA claim and not a jurisdictional prerequisite. Doc. 11 at 1. Yet Defendants themselves have failed to cite any controlling case law to support their position. They have also failed to present an argument as to

why, in light of *Arbaugh*, the Court should find that it lacks jurisdiction. As one court noted, "after *Arbaugh*, district courts have repeatedly held that FLSA's coverage requirements… are nonjurisdictional. Courts across the country, including those in the Tenth Circuit, have consistently held that the question of whether individual or enterprise coverage applies is an element of a plaintiff's FLSA claim rather than a jurisdictional prerequisite." *Murphy*, 2017 WL 2224530, at *4 (internal quotation marks and citation omitted).

As such, the Court finds that the threshold requirement that an enterprise make an annual gross volume of sales or do business of at least $500,000 is an element of Plaintiff's cause of action, not a jurisdictional prerequisite. Therefore, the Court has jurisdiction over Plaintiff's claims.

## II.      Plaintiff has sufficiently pleaded her claims.

The Court next finds that Plaintiff has validly stated her claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the standards set forth by the Supreme Court in *Twombly* and *Iqbal*. Defendants argue that Plaintiff's Complaint "only parrots the language of the statute without providing any factual detail that shows she is entitled to relief." Doc. 5 at 5. Defendants identify three areas in which they argue that Plaintiff provides only "threadbare recitals" and "conclusory statements" to support her claims: first, Defendants argue that Plaintiff has not plausibly alleged an employee/employer relationship between Plaintiffs and Defendants within the meaning of the FLSA and the NMMWA [Doc. 5 at 6]; second, Defendants argue that Plaintiff has failed to allege that she and other cleaning techs were "individual 'employees'… who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. 207" [Doc. 5 at 6]; and third, Defendants argue that Plaintiff failed to provide sufficient detail about the length and frequency of the alleged unpaid work to state a plausible overtime claim under

the FLSA [Doc. 5 at 7]. For the reasons discussed below, the Court is unpersuaded by Defendants' arguments.

*A. Legal Standard for Rule 12(b)(6) Motions to Dismiss*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to

dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

In keeping with these two principles, the Court explained:

A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

B. *Plaintiff has alleged sufficient facts plausibly to claim that there is an employer/employee relationship between Defendants and Plaintiff.*

First, Defendants argue that Plaintiff has failed to allege sufficient facts to support her conclusions that there is an employee/employer relationship between Plaintiff and Defendants. Defendants contend that Plaintiff "failed to allege facts to support her legal conclusions that each of the Defendants qualify as Plaintiff's employer for purposes of [the FLSA and NMWWA]," Doc. 5 at 6, and that Plaintiff has failed to allege facts to support the conclusion that she and purported Class Members were individual "employees" who were "employed" by Defendants within the meaning of these acts. *See id.*

The FLSA defines an "employer" in relevant part as "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d). The term "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The term "employ" is defined as "to suffer or permit to work." 29 U.S.C.A. § 203(g). "Thus, an employee is an individual who an employer suffers or permits to work." *Johns v. Stewart*, 57 F.3d 1544, 1557 (10th Cir. 1995). "The definition 'suffer or permit to work' was intended to make the

scope of employee coverage under the FLSA very broad." *Id.* (citing *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945).

The Tenth Circuit has noted that "[t]he terms 'employ' and 'employer' are given similarly broad but vague definitions." *Johnson v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 371 F.3d 723, 729 (10th Cir. 2004). Given the broad and imprecise nature of these definitions, courts apply an "economic reality" test to determine the scope of employee coverage under the FLSA. *Johns*, 57 F.3d at 1557 (citations omitted). Under that test, courts "focus on the circumstances of the whole activity, with the ultimate criterion being the economic reality of the relationship." *Id.* at 1558 (internal quotation marks and citations omitted).[2]

With regard to whether an individual is an "employee," the Tenth Circuit has identified six factors that are generally considered in applying the "economic reality" test:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

---

[2] The NMMWA defines "employ" as "suffer or permit to work" N.M. Stat. Ann. § 50-4-21 (A); "employer" as including "any individual, partnership, association, corporation, business trust, legal representative or organized group of persons employing one or more employees at any one time, acting directly or indirectly in the interest of an employer in relation to an employee..." N.M. Stat. Ann. § 50-4-21 (B); and "employee" as including "an individual employed by an employer." N.M. Stat. Ann. § 50-4-21 (C).

The New Mexico Court of Appeals has held that these definitions "are similar to definitions in the [FLSA]… The definition of 'employ' is almost identical. Accordingly, it is appropriate to look to decisions of federal courts determining the meaning of 'employ' in the federal statute, and to consider those federal decisions as persuasive authority in deciding the meaning of 'employ' in the New Mexico statute." *Garcia v. Am. Furniture Co.*, 689 P.2d 934, 937 (N.M. Ct. App. 1984). The court then held that "[i]n determining whether a person is an employee under the [NMMWA], 'the ultimate issue is whether as a matter of economic reality the particular worker is an employee.'" *Id.* at 938 (quoting *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 (5th Cir. 1979)).

Because the same test – the "economic reality" test – applies to determining whether Plaintiffs have plausibly alleged an employee/employer relationship under both the NMMWA and the FLSA, the Court does not include a separate discussion of this issue under the NMMWA. *See also Anfinson v. FedEx Ground Package Sys., Inc.*, 244 P.3d 32, 42 n.6 (Wash. Ct. App. 2010), aff'd, 281 P.3d 289 (Wash. 2012) (noting that New Mexico looks to the FLSA for the relevant test to interpret whether an individual is an employee under its state Minimum Wage Act and accordingly uses the "economic realities" test.)

*Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (citation omitted). No single factor is dispositive. *Id.*

With regard to the issue of employer liability being placed on an individual, courts have focused on a four-part subtest included in *Baker*, which looks to the following factors: "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* at 1440 (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990)). *See also Hunter v. Agility Energy, Inc*., 419 F.Supp.3d 1269, at *2 (D. Utah 2019) (noting that, "when applied to the issue of employer liability being placed on an individual, courts have departed from the six-part test" and instead used the four-part test to determine whether an individual should be liable as an employer); *Cisneros v. EP Wrap-It Insulation, LLC,* No. CV 19-500 GBW/GJF, 2019 WL 5268634, at *5 (D.N.M. Oct. 17, 2019) (unreported) (applying four-part test to determine whether employer liability could be placed on a particular individual); *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012) (same); *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1293 (D.N.M. 2010) (same). *But see Jensen v. Redcliff Ascent, Inc.*, No. 2:13-CV-00275-TC-EJF, 2014 WL 2739297, at *2 (D. Utah June 17, 2014) (unreported) (acknowledging that "some districts within the Tenth Circuit have applied other tests" and collecting cases).

First, the Court finds that Plaintiff has alleged sufficient facts plausibly to claim that Defendants were her "employers." With respect to whether an individual qualifies as an employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, ... with an eye to the 'economic reality' presented by the facts of each case." *Koellhoffer*, 858 F. Supp. 2d at 1189 (quoting *Herman v. RSR Security Servs., Ltd*., 172 F.3d 132,

139 (2d Cir.1999). Plaintiff has alleged the following facts to support that Defendants are her "employers": (1) Defendants Zulema Cordero and Eduardo Lara were "operating under the assumed name of The Sweeping Maid Cleaning Service" [Doc. 1 at ¶3]; (2) Defendants "are the owners/managers of the Sleeping Maids Services" [Doc. 1 at ¶29]; (3) Defendants "made the decision to classify cleaning techs, including Named Plaintiff, as exempt from pay under the FLSA and [NMMWA]" [Doc. 1 at ¶30]; (4) Defendants "made the decision to pay Defendants' non-exempt cleaning techs an hourly wage but not to pay them at one and one-half times their regular rates of pay for all hours worked over forty in a workweek" [Doc. 1 at ¶31]; (5) Defendants "have hiring and firing authority over named Plaintiff and all of Defendants' non-exempt cleaning techs" [Doc. 1 at ¶32]; (6) "Defendants jointly employed Named Plaintiff and Class Members" and "exercised a unified operation and common control over the named Plaintiff and Class Members" [Doc. 1 at ¶33]; (7) Defendants paid Plaintiffs and the Class Members straight time for all hours worked [Doc 1 at ¶19]; (8) "Defendants have employed and are employing other individuals as non-exempt cleaning techs who have performed the same or similar job duties under the same pay provisions as Named Plaintiff…" [Doc. 1 at ¶27].

In light of these facts alleged by Plaintiff, the Court finds that the Complaint contains sufficient factual matter to establish that Defendants were Plaintiff's employers. *See Iqbal*, 556 U.S. at 678 (citations omitted). Plaintiff has factually alleged two of the four factors identified in *Baker*: that Defendants have "the power to hire and fire employees... and determine[] the rate… of payment." *Baker,* 137 F.3d at 1440 (citation omitted). While the Complaint does not allege that Defendants "control[] employee work schedules or conditions of employment" or "maintain[] employment records," *id.*, Plaintiff is not required to satisfy all four factors in the "economic reality" test to establish that Defendants are her employers under the FMLA. *See Saavedra*, 748

F. Supp. 2d at 1295 ("Although the Plaintiffs directly satisfy only two of the Tenth Circuit's four factors, the Court believes that, viewing the facts in the light most favorable to the Plaintiffs, the allegations are sufficient, given the Tenth Circuit's economic-reality test, to defeat the motion to dismiss"); *Cisneros*, 2019 WL 5268634, at *5 ("Although Plaintiffs do not address every factor of the economic reality test, … [they] allege sufficient facts at the pleading stage to raise an inference that Defendants [] are employers within the meaning of the FLSA, making them proper defendants in this case.")

The Court is unconvinced by Defendants' arguments that Plaintiff's "mere conclusory statement that the two [Defendants] were 'operating' under [the name The Sweeping Maids Cleaning Service] provides no support that they were actually doing so," and that nowhere in the Complaint "does Plaintiff even mention any actions taken by either Defendant that provides support for the allegation that either, let alone both, 'operate' the business." Doc. 5 at 6-7. As Plaintiff argues, Defendant's argument fails to acknowledge the facts that Plaintiff has asserted with regard to Defendants' actions as employers, including the allegations that Defendants made decisions regarding the classification of cleaning techs as exempt from pay under the FLSA and NMWWA, that Defendants made the decision not to pay cleaning techs at one and one-half times their regular hourly wage for any hours over forty worked in a week, and that Defendants have hiring and firing authority over cleaning techs. *See* Doc. 1 at ¶¶ 30-32. Accordingly, the Court finds that Plaintiff's allegations are specific enough to satisfy the pleading requirements set forth in *Iqbal* and *Twombly*, and sufficient to satisfy the economic reality test at the pleading stage.

Next, the Court finds that Plaintiff has alleged sufficient facts plausibly to claim that she was an "employee" who was "employed" by Defendants. Plaintiff has alleged the following additional facts, in addition to those described above, to support the allegation that she and other

potential Class Members are Defendants' employees: (1) "the Plaintiffs' primary job duty for Defendants has been the performance of manual, non-management work" [Doc. 1 at ¶20]; (2) "Plaintiffs spend most of their time performing manual tasks in Defendants' customers' residences or commercial buildings, such as vacuuming, sweeping, mopping, and scrubbing various items and surfaces with cleaning solutions" [Doc. 1 at ¶ 21]; (3) Plaintiffs' job functions "required little to no official training and did not require a college education or other advanced degree" [Doc. 1 at ¶21], nor did they require "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction…" [Doc. 1 at ¶24]; (4) Plaintiffs "typically worked in excess of 40 hours per week, and they often worked fifty hours per week and sometimes more" [Doc. 1 at ¶ 25]; (5) Defendants refused to compensate Plaintiffs at a rate not less than one and one-half times their regular rates of pay for the hours they worked in excess of a forty hour workweek [Doc. 1 at ¶26]; and (6) Defendants have likewise denied overtime compensation at a rate that is not less than one and one-half times the regular rate of pay to cleaning techs other than Named Plaintiff who "have performed, or are performing, the same job duties, have been paid an hourly wage, [and] have worked in excess of forty hours in a workweek" [Doc. 1 at ¶27].

In short, Plaintiff has alleged that she and other cleaning techs were paid an hourly wage by Defendants, that cleaning techs work over forty hours per week, that their work consists of cleaning and performing other manual labor in the properties of the customers of Defendants' business (a cleaning service), and that Defendants determine their rates of pay and have the authority to hire and fire them. *See* Doc. 1 at ¶¶ 20-21, 24-27, 31-32. Under the "economic reality" test, the Court finds that these allegations contain sufficient factual matter plausibly to claim that Plaintiffs' are "employees" who are "employed" by Defendants. As workers who are paid an

hourly wage to work over forty hours a week as "cleaning techs" for Defendants, Plaintiffs perform work that is integral to Defendants' business. *See Dole v. Snell*, 875 F.2d 802, 811 (10th Cir. 1989) (noting that the work performed by cake decorators was "obviously integral" to the business of the defendants, who, "as indicated by the name of their company, 'Cakes by Karen,' are in the business of selling cakes which are custom decorated"). As Plaintiffs are paid an hourly wage, their opportunity for profit or loss is minimal. *See id. at 809* ("toiling for money on a piecework basis is more like wages than an opportunity for 'profit'"). The degree of skill required to perform the work, which requires no advanced degree or training, is minimal. *See id*. And finally, Defendants exercise control over Plaintiffs, as Plaintiffs did not act "autonomously, or with any degree of independence which would set them apart from what one would consider normal employee status." *Baker*, 137 F.3d at 1441.

The Tenth Circuit has noted that the question of whether an individual is an employee turns on "whether the individual is economically dependent on the business to which [s]he renders service ... or is, as a matter of economic fact, in business for [herself]." *Dole*, 875 F.2d at 804 (citations omitted). Plaintiff has alleged facts to support that she and other cleaning techs, who typically work over forty hours a week and often work over fifty hours a week for The Sweeping Maids Cleaning Service, are economically dependent on that business. As such, the Court rejects Defendants' arguments that Plaintiff has failed to allege an employer/employee relationship.

C. *Although Plaintiff has failed to state a claim for individual coverage under the FLSA because she has not alleged that she, individually, was engaged in interstate commerce, she has plausibly stated a claim for enterprise coverage under the FLSA.*

Defendants assert that the Complaint fails factually to support the allegation that Plaintiffs were "individual 'employees'… who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 and whom Defendants at all relevant times 'employ[ed]'

within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g)." Doc. 5 at 6. It is not clear from Defendants' filing whether they mean to argue that Plaintiff has not adequately pled that Plaintiffs were "employees" who were "employed" by Defendants, or that Plaintiff has not adequately pled that Plaintiffs were engaged in the commerce or production of goods for commerce (or both). To the extent that Defendants' argument is that Plaintiff failed to allege that Plaintiffs were "employees" who were "employed" by Defendants, the Court has addressed that issue in detail above. To the extent that Defendants' argument is that Plaintiff has failed to allege that individual employees were engaged in commerce or the production of goods, Defendants fail to distinguish between individual coverage and enterprise coverage under the FLSA.

"Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985). Individual coverage requires the employee to assert that she, individually, was engaged in interstate commerce, whereas enterprise coverage requires the employee to assert that Defendants were an enterprise engaged in commerce. *Reagor*, 501 F.App'x at 808. The Court agrees with Defendants that Plaintiff has not alleged sufficient facts to establish that she, as an individual employee, was engaged in interstate commerce – meaning that Plaintiff has failed to allege individual coverage. But the Court also finds that Plaintiff has alleged sufficient facts to establish enterprise coverage. Therefore, despite Plaintiff's failure to allege individual coverage, her claim is nonetheless covered under the FLSA. *See Tony & Susan Alamo Found.*, 471 U.S. at 295.

The Tenth Circuit has explained the standard for individual coverage as follows:

> For individual coverage, an employee must directly participate in the actual movement of persons or things in interstate commerce. To determine whether an employee is engaged in commerce we look at her activities, not the business of her employer. She must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone. Isolated or sporadic activities do not satisfy this requirement.

*Reagor*, 501 F.App'x at 809 (internal quotation marks, citations, and parentheticals omitted). In *Reagor*, the plaintiff worked at a non-profit agency that provided services to victims of domestic violence. *Id.* at 806. That Plaintiff argued that she was an individual employee engaged in commerce because, *inter alia*, she "handled goods that traveled in interstate commerce." *Id.* at 810. The Tenth Circuit rejected this argument, reasoning that "[e]ven if the goods had traveled in interstate commerce, she did not engage in commerce, because the FLSA 'does not include goods after their delivery into the actual possession of the ultimate consumer.'" *Id.* at 810 (quoting 29 U.S.C. §203(i)).

The instant case is analytically indistinguishable from *Reagor* with respect to individual coverage. In the instant case, Plaintiff alleges that "[i]n the performance of their work, Plaintiffs handle tools, equipment, cleaning supplies, and other materials that were manufactured or produced outside of New Mexico." Doc. 1 at ¶18. However, as in *Reagor*, Plaintiffs merely handled goods after they had been delivered to the ultimate consumer. *See Reagor*, 501 F.App'x at 810; 29 U.S.C. § 203(i). Therefore, the Court agrees with Defendants that Plaintiff has failed to allege facts to establish that she and other purported Class Members were "individual 'employees'… who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207..." Doc. 5 at 6.

However, Plaintiff's failure to allege individual coverage does not require the Court to grant Defendants' motion to dismiss, because Plaintiff has plausibly alleged enterprise coverage.[3]

---

[3] Defendants argue that the section "Coverage Under FLSA" of Plaintiff's Complaint has been "copied and pasted verbatim… from a completely different case involving different facts and different parties." Doc. 11 at 2. Defendants ask the Court to find, as a matter of law, that "a complaint that copies and pastes language" from another complaint cannot satisfy the pleading requirements of *Iqbal* and *Twombly*. *Id.* The "Coverage under FLSA" section of Plaintiff's Complaint comprises paragraphs 9 through 13 of a 38-paragraph complaint. *See generally* Doc. 1. The Court declines to make a per se finding that the Complaint is deficient based on similarities that paragraphs 9 through 13 bear to an unrelated complaint. Rather, the Court evaluates Plaintiff's Complaint, without reference to unrelated complaints, to determine whether the Complaint states a valid claim for coverage under the FLSA. The Court finds that it does.

As one court recently noted, "[a] careful review of FLSA caselaw suggests there are two separate standards for "engaged in commerce" depending on whether the issue is enterprise or individual coverage." *Harlas v. Barn LLC*, No. 18-CV-02320-RM-NYW, 2020 WL 730313, at *5 (D. Colo. Feb. 13, 2020) (unreported). For enterprise coverage, there must be an "[e]nterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1); *see also Reagor*, 501 F.App'x at 809. An enterprise qualifies if it "has employees engaged in commerce or in the production of goods for commerce, or… has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has "annual gross volume of sales made or business done" of not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(i), (ii); *see also Reagor*, 501 F.App'x. at 809. The term "commerce" refers to interstate commerce. *See* 29 U.S.C. § 203(b). "[I]t is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce." *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989).

In the enterprise coverage context, courts have repeatedly rejected the argument that a business or enterprise was not covered because it was the "ultimate consumer" of the goods. *See Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 695 (4th Cir. 1990) ("The Home's employees, *inter alia*, prepared and served food to the residents, washed the residents' laundry and cleaned the Home, and performed maintenance tasks, all the time using goods and materials that had traveled in interstate commerce. Appellants' contention that the Home was in some sense the 'ultimate consumer' of the goods and materials that moved in interstate commerce does not preclude application of the Act."); *Hamad*, 867 F.2d at 808 (rejecting the argument that enterprise coverage does not apply where an enterprise is the "ultimate consumer" of goods used by its

employees during the course of their employment).

Case law from the Tenth Circuit conforms with this analysis. In *Donovan v. Pointon*, plaintiffs, who were employees of a real estate business, operated and performed maintenance on construction machinery that was manufactured out of state during the course of their work. 717 F.2d 1320, 1322 (10th Cir. 1983). The Tenth Circuit held that the business was engaged in interstate commerce and therefore subject to enterprise coverage under the FLSA, explaining that "the district court did not err in its finding that Pointon's employees in readying the raw land for actual building, handled goods and materials which had moved in interstate commerce." *Id.* at 1322. Similarly, in *Darling v. Frank*, the Tenth Circuit held that the employer was subject to enterprise coverage under the FLSA where the plaintiff, who was employed as a resident manager at a mini-storage facility, "used cleaning supplies manufactured outside of Oklahoma and transported to Oklahoma, and accepted packages at the mini-storage facility for customers who shipped and stored goods produced outside of Oklahoma." 125 F.3d 861, at *1 (10th Cir. 1997) (unpublished). Based on these facts, the Court concluded that the "plaintiff handled goods and materials that had moved in interstate commerce." *Id.*

Here, Plaintiff has alleged that "[i]n the performance of their work, Plaintiff [and other cleaning techs] handle tools, equipment, cleaning supplies, and other materials that were manufactured or produced outside of New Mexico." Doc. 1 at ¶18. Thus, as in *Darling*, Plaintiff has alleged that she and other cleaning techs employed by Defendants "handled goods and materials that had moved in interstate commerce" during the course of their work. 125 F.3d at *1. This is sufficient to qualify Defendants' business as an "[e]nterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). Plaintiff has also alleged that Defendants "have had and ha[ve] as an annual gross volume of sales made or business done of not

less than $500,000…" Doc. 1 ¶ 12. These allegations are sufficient to claim enterprise coverage under the FLSA.[4]

### D. Plaintiff's allegations plausibly state an overtime claim under the FLSA.

Finally, Defendants argue that "in order to plead a plausible claim for overtime under the FLSA, Plaintiff must provide sufficient detail about the length and frequency of the allegedly unpaid work to support a reasonable inference that [she] worked more than forty (40) hours in a given week." Doc. 5 at 7 (citing *Fuentes v. Compadres, Inc.*, 17-cv-01180-CMA-MEH, 2017 U.S. Dist. LEXIS 204128, *52-53 (D. Colo. Dec. 12, 2017) (unreported)). Defendants argue that Plaintiff has failed to meet this standard because she "does not provide examples of any occasion on which she worked in excess of forty (40) hours or any dates on which she allegedly did so," and does not provide "details regarding actual hours worked, times worked, or dates." Doc. 5 at 7. Plaintiff responds by citing cases holding that a plaintiff need not specify dates or quantify hours of overtime at the pleading stage, but rather need only claim that she worked over forty hours in a week and was not paid at one and one-half times her normal hourly rate. *See* Doc. 8 at 8-9. The Court agrees with Plaintiff.

Subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*, the Tenth Circuit has not addressed the degree of specificity required to state a claim for failure to pay overtime wages

---

[4] The Court has rejected Defendants' argument that the Court lacks jurisdiction because Defendants did not have a commercial income of over $500,000, and has found instead that this income requirement is an element of Plaintiff's claim, not a jurisdictional prerequisite. *See supra* 5-10. Defendants have not asked the Court to review Plaintiff's claim that Defendants have an annual gross volume or sales made or business done of at least $500,000 in the Rule 12(b)(6) context.

The Court does not consider Defendant Lara's "Declaration" regarding the gross volume of business done by The Sweeping Maids [Doc. 5 Ex. A] in the context of Defendants' Rule 12(b)(6) motion to dismiss, as such a motion "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley*, 40 F.3d at 340. *See also Sanchez v. A & APerez Trucking, Inc.*, No. 16-81740-CIV, 2017 WL 529302, at *2 (S.D. Fla. Feb. 8, 2017) (unreported) ("[T]o the extent Defendants seek dismissal pursuant to Rule 12(b)(6), their arguments are based upon [an] affidavit…, which the Court cannot consider on a motion to dismiss pursuant to Rule 12(b)(6).") (citation omitted).

under the FLSA. *See Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *1 (W.D. Okla. Dec. 8, 2016) (unreported) (noting same). Courts that have considered this question are split. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014), as amended (Jan. 26, 2015) (noting that district courts are split as to whether a complaint is required to approximate the overtime hours worked or the amount of overtime wages owed and collecting cases). After a review of the case law, the Court is convinced by the persuasive authority of those courts, including district courts within the Tenth Circuit, holding that it is not necessary for a complaint to provide dates, number of overtime hours worked, or approximate wages owed at the pleading stage.

In *Cooper*, the complaint alleged in relevant part that plaintiffs were required to work "at least 12 hours a day for 7 days a week, resulting in work weeks consisting of 84 hours or more," and that plaintiffs never received overtime pay for the work performed in excess of forty hours in a week. 2016 WL 7168235, at *1. The defendant moved to dismiss, arguing that the plaintiff "failed to articulate any particular period in which he was entitled to overtime but did not receive it." *Id*. The court rejected the defendant's argument, noting that "courts within [the Tenth Circuit] disagree with Defendant's contention that Plaintiff is required to quantify, at this stage of the proceedings, the number of hours for which he and his co-workers were not paid." *Id*. at *2. Accordingly, the court found that the plaintiff had "sufficiently pled his FLSA claims under the *Twombly/Iqbal* standard," reasoning that the complaint adequately alleged that the plaintiff had worked for more than forty hours in a single work week and was not paid overtime for the hours he worked over forty in that week. *Id*. at *3.

Similarly, in *Solis v. El Tequila, LLC*, the district court considered the defendants' argument that the complaint should be dismissed because it contained nothing more than

conclusory allegations. No. 12-CV-588-JED-PJC, 2013 WL 3771413, at *1 (N.D. Okla. July 17, 2013) (unreported). The court found that the plaintiff had "sufficiently pled his FLSA claims under the *Twombly/Iqbal* standard" where the complaint included the following non-conclusory allegations: (1) employees were paid a flat salary regardless of the number of hours worked; (2) overtime violations resulted from defendants not paying their employees proper overtime for hours worked in a week that exceeded forty; (3) defendants failed to record the number of hours their employees worked or to require their employees to do so. *Id*. at *2.

In *In re Bank of Am. Wage & Hour Empl. Litig*., the district court rejected the defendants' argument that the plaintiffs' overtime claim under the FLSA should be dismissed because the plaintiffs failed to allege "when, how often, and/or at whose direction" plaintiffs worked without compensation. No. 10-MD-2138-JWL, 2010 WL 4180567, at *3 (D. Kan. Oct. 20, 2010) (unreported). The court reasoned as follows:

> In the context of an alleged overtime violation, that violation is plausible regardless of what any particular plaintiff earned as an hourly wage (and regardless of when, how often and how much a particular plaintiff was required to work in excess of 40 hours per week without compensation) so long as the plaintiff was otherwise eligible to receive overtime compensation and worked more than 40 hours in a given week without receiving compensation for those overtime hours. Indeed, numerous courts continue to find that dismissal of FLSA claims is not appropriate when the complaint alleges only that non-exempt employees regularly worked more than 40 hours per workweek and that they were not paid time-and-a-half for those overtime hours.

*Id*. at *5 (collecting cases).

In light of the persuasive authority from other district courts in the Tenth Circuit, the Court is convinced that a complaint need not specify either the dates on which the plaintiff worked over forty hours per week, or the number of hours worked over forty. Here, the Complaint alleges that Plaintiffs "typically worked in excess of 40 hours per week, and they often worked fifty hours per week and sometimes more" [Doc. 1 at ¶25], and that "[a]lthough they worked long hours,

Defendants failed and refused to compensate [Plaintiffs] at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek" [Doc. 1 at ¶26]. Plaintiff has estimated the length of her workweek – alleging that she and other cleaning techs often worked at least fifty hours per week and sometimes more – and alleges that Plaintiffs were not compensated as required by statute for those hours worked in excess of forty in a workweek. The Court finds that these allegations are sufficient to state a plausible claim under the FLSA. *See Landers* 771 F.3d at 645 ("[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) ("[W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice.")

## CONCLUSION

Because the issue of enterprise coverage under the FLSA is non-jurisdictional, the Court finds that it has jurisdiction over this matter. Further, Defendants have provided the Court with no valid basis to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 5] is **DENIED**.

DATED this 27th day of March, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge